UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA KRON,<br><br>        Plaintiff,<br><br>    v.<br><br>TYSON POUGE, et al.,<br><br>        Defendants. | No.  1:24-cv-00558-KES-GSA (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDER<br><br>Doc. 6 |

Plaintiff, a county jail inmate proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff initiated this action on May 10, 2024.  Doc. 1.  The same day, he filed a motion to proceed in forma pauperis.  Doc. 2.  The Court granted the motion on May 13, 2024, and directed Plaintiff to submit a certified copy of his prison trust account statement within sixty days.  *See generally* Doc. 4.  Plaintiff was served with the Court's order at his address of record, and the mailing was returned on May 24, 2024, as "Undeliverable, Not in Custody."  *See* docket.  On August 5, 2024, the magistrate judge issued findings and recommendations recommending dismissal of the action, without prejudice, for Plaintiff's failure to keep his address current.[1]

---

[1] Local Rule 183(b) provides that "[a] party appearing *in propria persona* shall keep the Court and opposing parties advised as to his or her current address.  If mail directed to a plaintiff *in*

1  Doc. 6. The findings and recommendations were served on Plaintiff and contained notice that
2  any objections thereto were to be filed within fourteen (14) days of service. *Id.* at 2. Plaintiff has
3  not filed objections to the findings and recommendations, provided an updated address, or
4  otherwise communicated with the Court. *See* docket.

5  In accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of
6  this case. After carefully reviewing the file, the Court concludes the findings are supported by the
7  record. However, prior to recommending dismissal, the magistrate judge did not address the
8  factors identified by the Ninth Circuit in *Henderson v. Duncan*, 779 F.2d 1421 (9th Cir. 1986).
9  The Ninth Circuit has instructed that courts should evaluate those factors when considering
10 dismissal of an action for failure to prosecute. *Pagtalunan v. Galaza*, 291 F.3d 639, 641 (9th Cir.
11 2002). Thus, the Court makes additional findings to determine whether dismissal is warranted.

12 The Court weighs the following factors: "(1) the public's interest in expeditious resolution
13 of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4)
14 the availability of less drastic alternatives; and (5) the public policy of favoring disposition of
15 cases on their merits." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992). The first
16 factor is met as "[t]he public's interest in expeditious resolution of litigation always favors
17 dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The second
18 factor also favors dismissal as a litigant's routine noncompliance with court orders impedes the
19 Court's management of its docket. *Ferdik*, 963 F.2d at 1261.

20 The third factor also favors dismissal. While "[l]imited delays and the prejudice to a
21 defendant from the pendency of a lawsuit are realities of the system that have to be accepted,"
22 courts also relate the "risk of prejudice to the plaintiff's reason for defaulting." *Yourish*, 191 F.3d
23 at 991 (citations omitted). A rebuttable presumption of prejudice arises when a plaintiff
24 unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994)
25 (citations omitted). Here, Plaintiff has not offered any excuse for his failure to provide an

26

27 *propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to
   notify the Court and opposing parties within sixty-three (63) days thereafter of a current address,
28 the Court may dismiss the action without prejudice for failure to prosecute."

updated address, and thus, this "prejudice" element also favors dismissal.

The fourth factor—the availability of less drastic sanctions—also weighs in favor of dismissal. Despite being warned that failure to comply with court orders and civil rules may result in dismissal of the action, Plaintiff appears to have abandoned his case. "The district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424. The fifth factor ordinarily weighs against dismissal, as public policy favors deciding cases on the merits. However, it is Plaintiff's responsibility to move litigation toward disposition at a reasonable pace and to avoid dilatory tactics. *See Morris v. Morgan Stanley*, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not communicated with the Court for seven months, and the public policy favoring Plaintiff does not outweigh his duty to keep his address current and to comply with court orders.

Accordingly, IT IS ORDERED that:

1. The findings and recommendations issued August 5, 2024 (Doc. 6), are ADOPTED IN FULL;

2. This matter is DISMISSED without prejudice; and

3. The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   December 27, 2024

UNITED STATES DISTRICT JUDGE